Judge Midis
delivered the Opinion of the Court.
The plaintiff in error has prosecuted this writ, to reverse a judgment rendered against him for two horses, or their alternate value, with damages for the detention. It is insisted here that a new trial, which was overruled in the court below, ought to have been granted, and that the damages for the detention of the horses are excessive.
We have not thought it necessary to go into these points in detail, and relate the evidence, because the propriety of the verdict rests on matters of fact, which more properly belong to the jury, and the evidence is not of such character as to warrant the interposition of this court, according to many pre? vious decisions.
Nor is it clearly shewn that the damages are ex *60 cessive. The evidence on which the plaintiff in erro!' relies to establish this point, is. the affidavits of the jurors, disclosing the motives and facts which influenced their finding in that respect. It has been long settled by this court, that courts of original jurisdiction ought not thus to pry into the secrets of the jury room, and permit the statements of jurors» as to their motives and inducements, to vitiate their verdict. If this practice was tolerated, but few verdicts would stand. The proper enquiry for tho court is the merits of the verdict when compared with the evidence given in court, and the law which applies to the case, remembering at the same time that the decision upon matters of fact, and the ascertaining of damages unliquidated, belongs properly to the province of the jury, in the exercise, of which they are not to be confroled, except in cases where they have flagrantly overreached their clue bounds. And although they might have been operated upon by improper motives to render their verdict, yet if the verdict is right, it ought not to be disturbed.
i,n detinue for ívm horses, tho verdict for plaintiff must find tho separate value of ooch h orse. Where,in detinue for several things, the jury find the value of the whole in one sum, omiting to fix the val. of each article, the verdict will not be set aside, but a writ of enquiry awarded to assess the separate value.
*60 The only remaining question arises from an exception taken by the assignment of error to the verdict, and consequent judgment thereon. The value of the two horses is assessed jointly in one entire sum, and the value of each is no where ascertained. The law is well settled, that, in detinue for several articles, the value of each must be- ascertained by a separate finding, and the reason of the rule is evident. The judgment is in the alternative, for each article., if to be had, if not» its value; so that after, the operation of a distringas, if any one article cannot be had, tho court may, on proper application, supersede the distringas, and directa fieri facias or other writ, for the. value only. According to this rule, if one horse, only could be obtained, and tho other could not, there would be no means of ascertaining what credit should be given in- value, for (lie one obtained, and what sum should be reserved for the one which was inaccessible, so. that either the plaintiff below, must be obstructed on this event from proceeding farther, or the defendant from obtaining any credit, for the horse surrendered. This. *61 exception therefore, must be held fatal to the verdict and judgment.
See 1 Dig. h. K. p. 254.
Mandate, for the finding as. to the value to be set aside and new inquiry, as to, that to bo had. — As to. the damages, the verdict-stands.
Benny for Buckncrj Margin for defendant..
The enquiry then presents itself, what is to be the effect of a reversal of the judgment, for this defect in the finding of the jury. Must the whole verdict be set aside, and a new trial be had, or only so much of it as will correct the error, and a new writ of enquiry of the value be awarded, for the purpose of ascertaining and severing the value of the horses? The latter course we conceive ought to be pursued. It is settled that, if, in an action of detinue, the jury, after ascertaining the right to belong to tiie plaintiff, shall omit to find the value or assess the damages, a new writ of enquiry may be awarded to supply this defect, and judgment be rendered accordingly: and we cannot perceive the difference between the case, where the jury which tries the issue omits to find the value, and that where they have found the value erroneously, indeed, whenever that error is set aside, the plaintiff in each case would be in precisely the same situation. Besides.it better accords with our jurisprudence, that neither this court nor those of original jurisdiction, in correcting errors which may have happened, should go further bark than where the first error occurred. That which is well done should stand, and not to be disturbed, because something else is subsequently done erroneously, unless it is absolutely necessary to disturb flic good part to correct the bad.
We, therefore conceive, that the consequenco in this case, is a new writ of enquiry as to value, and that judgment must then be rendered on so much of the original verdict as remains, added to the result of the new enquiry.
The judgment must be reversed, with cost, and the cause he remanded for new proceedings not inconsistent with this opinion.